STATE OF NORTH CAROLINA v. ERNEST G. HARGETT

No. COA01-265

(Filed 19 February 2002)

1. **Possession of Stolen Property— recent possession—evidence sufficient**

   The facts taken in the light most favorable to the State supported an instruction on the doctrine of recent possession and defendant's motion to dismiss a charge of felonious possession of stolen goods was properly denied where defendant was stopped on an arrest warrant in an unrelated matter; he held a translucent plastic bag in his hand; the officer searched the bag incident to the arrest and the bag contained 27 butane lighters and 11 bottles of cologne; the officer asked defendant what he was doing with these items and defendant replied "making money"; and a store owner reported the theft of items including lighters and cologne and identified the items in the bag seized from defendant as coming from his store. Defendant conceded that there were reasonable grounds for the jury to find that the property possessed by defendant had been stolen.

2. **Possession of Stolen Property— lesser included offense—misdemeanor possession—evidence sufficient for instruction**

   The trial court in a prosecution for felonious possession of stolen property erred by failing to instruct on the lesser included offense of misdemeanor possession of stolen property where the State relied on the doctrine of recent possession and defendant contended that he had obtained the property from another and

**STATE v. HARGETT**

[148 N.C. App. 688 (2002)]

did not know that it was stolen. This evidence equally supports an inference that defendant did not know or reasonably should not have known that the property was stolen.

### 3. Indictment and Information— habitual felon—conviction dates changed—not a substantial change

The amendment of conviction dates in an habitual felon indictment did not constitute a substantial change in the indictment.

Judge GREENE concurring.

Appeal by defendant from judgment entered 28 September 2000 by Judge Benjamin G. Alford in Craven County Superior Court. Heard in the Court of Appeals 22 January 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Sylvia Thibaut, for the State.*

*McCotter, McAfee & Ashton, P.L.L.C., by Rudolph A. Ashton, III and Kirby H. Smith, III, for defendant-appellant.*

TYSON, Judge.

### I. Facts

On 31 May 2000, at approximately 12:45 a.m., Officer Robert Garrison ("Garrison"), with the New Bern Police Department, stopped Ernest G. Hargett ("defendant") on a warrant for defendant's arrest in an unrelated matter. Defendant held a translucent plastic bag in his hand. Garrison searched the bag incident to the arrest. The bag contained 27 butane lighters and 11 bottles of cologne.

During the stop, Garrison asked defendant what he was doing with the items in the plastic bag. Defendant replied "making money." Garrison had not placed defendant under arrest nor given defendant any *Miranda* warning at the time of questioning. Garrison then placed defendant under arrest.

At approximately 9:00 a.m. on the same morning, Officer Harold Bright ("Bright"), with the New Bern Police Department, responded to a breaking and entering call at the T&J Variety Store. The store owner, Mr. Johnson, informed Bright that some cigarette lighters, cash from the register, cartons of cigarettes, and some bottles of cologne had been stolen from his store. Bright charged defendant and another man with breaking and entering, larceny, and possession of

stolen property in connection with the T&J Variety Store. Mr. Johnson identified the items in the plastic bag seized from defendant as the items taken from his store.

Defendant testified that he had visited the T&J Variety Store but did not steal anything from the store. Defendant further testified that he obtained the lighters and cologne from a lady called "Little Mama" and did not know they were stolen. The trial court granted defendant's motion to dismiss the charge of felonious larceny at the close of the State's evidence. The trial court denied defendant's motion to dismiss all remaining charges at the close of all the evidence. The jury found defendant guilty of felonious possession of stolen goods and not guilty of felonious breaking and entering. Defendant pled guilty to being a habitual felon and was sentenced to a minimum of ninety months and a maximum of 117 months. Defendant appeals. We remand for a new trial.

## II. Issues

The issues presented are whether: (1) the trial court erred in denying defendant's motion to dismiss, (2) the trial court erred in failing to charge the jury on the lesser included offense of misdemeanor possession of stolen goods, (3) the trial court erred in allowing the State to "amend" the habitual felon indictment, (4) the trial court committed plain error in not conducting an inquiry or dismissing the entire jury venire after learning that a potential juror was present during the pre-trial motions, (5) the trial court erred in overruling defendant's objection to testimony by Garrison concerning inculpatory statements made by defendant, (6) the trial court erred in denying defendant's motion for a dismissal or mistrial based on the State's failure to disclose potentially exculpatory evidence, (7) the trial court committed plain error in allowing repetitive questioning of defendant about his criminal history and plea bargains, (8) the trial court erred in not allowing defendant to argue to the jury the ramifications of conviction as a habitual felon, and (9) the trial court erred in sentencing defendant.

## III. Motion to Dismiss

[1] Defendant argues that the trial court erred in denying his motion to dismiss at the close of the State's evidence and again at the close of all the evidence as to the charge of felonious possession of stolen goods. Defendant contends that there was insufficient evidence that defendant knew or had reasonable grounds to believe that the items

in question he possessed had been stolen pursuant to a breaking and entering.

The standard for ruling on a motion to dismiss is "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). The evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). The trial court must determine whether there is substantial evidence of each element of the offense charged. *State v. Irick*, 291 N.C. 480, 491, 231 S.E.2d 833, 841 (1977). Substantial evidence consists of. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The trial court considering such motions is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. *State v. McNeil*, 280 N.C. 159, 162, 185 S.E.2d 156, 157 (1971). The test for sufficiency of the evidence is the same regardless of whether the evidence is circumstantial or direct. *State v. Earnhardt*, 307 N.C. 62, 68, 296 S.E.2d 649, 653 (1982).

For the offense of felonious possession of stolen property, the State was required to prove: (1) possession of personal property, (2) which was stolen pursuant to a breaking and entering, (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking and entering, and (4) the possessor acting with a dishonest purpose. N.C. Gen. Stat. § 14-72(c) (1999); *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982).

In order to show that defendant knew or had reasonable grounds to believe the property was stolen pursuant to a breaking and entering, the State relied on the doctrine of recent possession. The doctrine of recent possession raises what has been called a "presumption," but more accurately raises "a permissible inference that the possessor is the thief" and "[t]he inference derived from recent possession 'is to be considered by the jury merely as an evidentiary fact along with other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt.' " *State v. Joyner*, 301 N.C. 18, 28, 269 S.E.2d 125, 132-33 (1980) (quoting *State v. Fair*, 291 N.C. 171, 173, 229 S.E.2d 189, 190 (1976)).

For the doctrine to apply, the State must prove: (1) the property was stolen, (2) defendant had possession of the property, subject to his control and disposition to the exclusion of others, and (3) the possession was sufficiently recent after the property was stolen. *State v. Barnes*, 345 N.C. 184, 240, 481 S.E.2d 44, 75 (1997). Defendant concedes in his brief that there was reasonable grounds for a jury to find that the property possessed by defendant had been stolen. We hold that the facts taken in the light most favorable to the State supported an instruction on the doctrine of recent possession and the motion to dismiss was properly denied.

### IV. Jury Instruction on Lesser Included Offense

[2] Defendant assigns error to the trial court's denial to instruct the jury on the lesser included offense of misdemeanor possession of stolen goods. Defendant contends that there was insufficient evidence that he knew or reasonably should have known that the goods had been feloniously stolen. We agree.

Misdemeanor possession or non-felonious possession of stolen goods is a lesser included offense of felonious possession of stolen goods. *State v. Brantley*, 129 N.C. App. 725, 731, 501 S.E.2d 676, 680 (1998). "[T]he trial court is not required to submit lesser degrees of a crime to the jury 'when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime.' " *State v. McKinnon*, 306 N.C. 288, 300-01, 293 S.E.2d 118, 126 (1982) (quoting *State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E.2d 706, 714 (1972)).

The State relied on the doctrine of recent possession to show that defendant knew or had reasonable grounds to believe the property was stolen. However, defendant testified at trial that he obtained the property from a woman known as "Little Mama" and that he did not know the property was stolen. This evidence equally supports an inference that defendant did not know or reasonably should not have known that the property was stolen. "[E]vidence giving rise to a reasonable inference to dispute the State's contention," is sufficient to support an instruction on a lesser offense. *McKinnon*, 306 N.C. at 301, 293 S.E.2d at 127.

We hold that the trial court properly instructed on felonious possession of stolen property, but erred in failing to instruct on the lesser included offense of misdemeanor possession of stolen property. We hold that defendant is entitled to a new trial.

**[3]** Because we have ordered a new trial, we need not discuss defendant's remaining assignments of error. However, we find it necessary to dispose of defendant's argument that the trial court erred in allowing the State to "amend" the habitual felon indictment. Defendant contends that "amendment" of the conviction dates constitutes a substantial change to the indictment. We disagree. *See State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984) ("amendment" has been defined by our courts as "any change in the indictment which would substantially alter the charge set forth in the indictment); *State v. Locklear*, 117 N.C. App. 255, 260, 450 S.E.2d 516, 519 (1994) (it is the fact that another felony was committed, not its specific date, which is the essential question in the habitual felon indictment). This assignment of error is overruled.

The judgment of the trial court is vacated, and this matter is remanded for a new trial.

New trial.

Judge HUNTER concurs.

Judge GREENE concurs with separate opinion.

GREENE, Judge, concurring.

Although I fully concur with the majority, I write separately to more specifically address defendant's recent possession argument. Defendant contends the recent possession doctrine cannot apply in this felonious larceny case because there is no evidence he knew or should have known "the goods had been feloniously stolen." Although there is no evidence defendant knew or should have known the goods he possessed had been stolen in a breaking and entering of the T&J Variety Store, such showing is not necessary. Once it had been established the store had been broken into and entered and merchandise taken therefrom, defendant's "recent possession of such stolen merchandise raises presumptions of fact that [he] is guilty of the larceny *and* of the breaking and entering." *State v. Allison*, 265 N.C. 512, 516, 144 S.E.2d 578, 580 (1965). Accordingly, the trial court did not err in submitting the felonious larceny charge to the jury.