STATE OF NORTH CAROLINA v. ALFRED ALPHONZA WALLACE

No. COA05-1550

(Filed 17 October 2006)

**1. Evidence— psychologist's testimony—child's behavior— consistent with abuse victims**

There was no plain error in the admission of a psychologist's testimony that a child sexual abuse victim's behavior, sense of trust, and emotional problems were consistent with sexually abused children. The witness did not state that the offenses occurred, and did not proffer an opinion on credibility. Defendant did not show that a different outcome would have occurred without this testimony in light of the other evidence presented.

**2. Evidence— detective's testimony—nature of testimony by child sexual abuse victims—permissible lay testimony**

A detective's testimony that child sexual abuse victims do not tell exactly the same story every time constituted permissible lay testimony. His experience supports his testimony on the procedure he uses for questioning victims, and he offered no opinion on the credibility of the victim.

**3. Sexual Offenses— amendment of indictment—child victim—dates of offenses changed**

There was no error in allowing amendment of an indictment for sexual offenses against a child to change the dates of the alleged offenses. Time was not an essential element of the offenses charged, the amendment did not substantially alter the charges, and defendant had sufficient notice.

**4. Sexual Offenses— against child—evidence sufficient**

There was sufficient evidence of sexual assaults upon a thirteen-year-old child to withstand a motion to dismiss an indictment for statutory sexual offenses.

**5. Constitutional Law— unanimous verdict—sexual offenses against child—agreement on specific acts to support each verdict**

Defendant's constitutional right to a unanimous jury was not violated where he was charged with multiple sexual offenses against a child and argued that neither the instructions nor the verdict sheets required that the jury agree unanimously on the

specific acts to support each verdict. The reasoning of *State v. Lawrence*, 360 N.C. 368, may be imputed to sexual offense charges.

Appeal by defendant from judgments entered 8 April 2005 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 12 September 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Laura E. Crumpler, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel Shatz, for defendant-appellant.*

TYSON, Judge.

Alfred Alphonza Wallace ("defendant") appeals from judgments entered after a jury found him to be guilty of one count of statutory sex offense and two counts of statutory sex offense with a thirteen, fourteen, or fifteen year old by a person at least six years older. We find no error.

## I. Background

### A. State's Evidence

The State's evidence tended to show that the victim ("A.W.") was born on 6 January 1988 during the marriage of her mother and defendant. A.W.'s mother and defendant divorced within two years after her birth. A.W. and her mother moved to Atlanta, Georgia. Defendant continued to reside in North Carolina, and A.W. visited defendant during summers and holidays. A.W. testified during the summer of 2000 she was twelve-years-old and visited defendant. A.W. fell asleep on defendant's couch and awoke after he pulled down her covers and inserted his fingers into her vagina. A.W. pushed defendant away and ran into another room. A.W. did not tell her mother about the incident because defendant apologized and she did not think such conduct would re-occur. This was the only incident during the summer of 2000 of sexual contact between defendant and A.W.

During the summer of 2001 at age thirteen, A.W. again visited defendant. Defendant entered A.W.'s room either "every night or every-other night" and inserted his fingers in A.W.'s vagina. Defendant also masturbated to the point of ejaculation in the presence of A.W. A.W. tried to avoid defendant's behavior by sleeping in her brother's

bedroom. A.W. did not tell anyone about these summer 2001 abuses and assaults.

A.W. visited defendant during Thanksgiving or Christmas 2001 and during the summer of 2002. During these visits, defendant engaged in these past behaviors: defendant entered A.W.'s room and inserted his fingers into A.W.'s vagina. During the summer of 2002, defendant tried to force A.W. to touch his penis, but she refused. After this summer, A.W. told a friend about the assaults, but did not tell any family members. In addition to the sexual assaults, A.W. testified defendant had provided alcohol to her on occasion and regularly supplied her with marijuana.

The last incident of defendant sexually touching A.W. occurred in May or June 2003 when she was fifteen-years-old and visited defendant to attend her brother's high school graduation. While A.W. stayed in a room with her cousin, defendant entered their room and inserted his fingers into her vagina. A.W. realized if defendant would sexually assault her, while others were present in the room, he would not cease these behaviors.

A.W. was scheduled to visit with defendant again in the summer of 2003. A.W. refused and told her mother she would not go because of defendant's behavior. A.W.'s mother cancelled the trip and called the police. On 10 June 2003, A.W. gave a statement to Concord Police Detective Landers ("Detective Landers") and related defendant's behaviors. A.W. told Detective Landers that defendant had inserted his finger into her vagina once during the summer of 2000, and two or three times each week during visits in the summer of 2001, Thanksgiving in 2001, and during the summer of 2002.

The State presented testimony from Dr. James Powell ("Dr. Powell"), a clinical psychologist with a specialization in child sex abuse cases. Dr. Powell met A.W. in June 2003. Marijuana was found inside A.W.'s purse while she was on school grounds and she was expelled. Dr. Powell learned about defendant's conduct during interviews with A.W. He testified A.W.'s behaviors were consistent with those of a sexually abused child.

The State also presented testimony from A.D., defendant's former step-daughter, and S.M. A.D. testified that during 1995 and 1996, defendant entered her room at night, inserted his finger into her vagina, and insisted she "masturbate him to where he would ejaculate." A.D. told her mother about defendant's behavior. A.D.'s mother divorced defendant.

S.M. testified she visited defendant's son and A.W.'s older brother in defendant's apartment when she was fifteen years old. S.M. fell asleep on defendant's couch. Defendant awoke S.M., and told her that she could not sleep on his couch, and led her into his bedroom. S.M. fell asleep on defendant's bed, but awoke to find defendant "playing with" her vagina. Defendant tried to force S.M.'s legs open and touched her pubic hair. Defendant was unable to pry S.M.'s legs open and ceased his assault. S.M. left defendant's bedroom and telephoned her mother, who came to defendant's apartment and picked S.M. up.

A.W.'s mother corroborated A.W.'s testimony concerning the time periods of her visits with defendant.

### B. Defendant's Evidence

Defendant's sister testified that he had a reputation for honesty and truthfulness. She stated A.W. and defendant had a good relationship. A.W. had confided in her about alcohol use, but never mentioned that defendant had inappropriately touched her.

S.M.'s mother, Audrey, testified that she had known defendant all of her life. She stated defendant and A.W. had a good relationship.

Defendant testified and denied inserting his fingers into A.W.'s vagina or masturbating in front of her. Defendant denied providing A.W. with marijuana, and stated A.W. had used marijuana since 1998 when A.W.'s mother found marijuana in A.W.'s clothes.

On 17 July 2003, the grand jury indicted defendant on one count of first-degree sex offense, for acts occurring in June through August 2000, and two counts of statutory sex offense, for acts occurring in November 2001 and June through August 2002. The jury found defendant guilty on all charges. The trial court sentenced defendant to two consecutive active sentences between 192 minimum to 240 maximum months. Defendant appeals.

### II. Issues

Defendant argues the trial court erred by: (1) allowing Dr. Powell's testimony to bolster A.W.'s credibility; (2) allowing Detective Landers to testify as an expert to support A.W.'s credibility; (3) allowing the State's motion to amend the indictment by changing the alleged offense date and by denying his motion to dismiss; and (4) violating his constitutional right to a unanimous jury.

### III. Dr. Powell's Testimony

**[1]** Defendant argues that the trial court erred in allowing Dr. Powell to testify regarding A.W.'s credibility. We disagree.

Defendant failed to object to Dr. Powell's testimony, but argues for plain error review on appeal. To be awarded a new trial based on plain error, a defendant must show the error complained of was so fundamental that a different result would have probably occurred without the error. *See State v. Parker*, 350 N.C. 411, 442, 516 S.E.2d 106, 127 (1999), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000). Our review of defendant's argument is limited to plain error. N.C.R. App. P. 10(c)(4) (2006).

Our Supreme Court has set out the limits and restrictions on expert testimony in child sexual abuse cases. *State v. Stancil*, 355 N.C. 266, 266-67, 559 S.E.2d 788, 789 (2002). "In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has *in fact* occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility." *Id.* at 266-67, 559 S.E.2d at 789. "[A]n expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith." *Id.* at 267, 559 S.E.2d at 789.

Dr. Powell testified that A.W.'s behavior, sense of trust, and emotional problems were consistent with behaviors of other sexually molested children. Dr. Powell did not state the sexual offenses occurred and did not proffer an opinion regarding A.W.'s credibility. In light of the other evidence presented and under plain error review, defendant failed to show a different outcome would have probably occurred, if Dr. Powell's testimony had not been admitted. Defendant's assignment of plain error is overruled.

### IV. Detective Landers

**[2]** Defendant argues that the trial court erred by allowing Detective Landers to offer an expert opinion in support of A.W.'s credibility. We disagree.

When a defendant objects, "this Court must determine whether the trial court abused its discretion by failing to sustain the objection." *State v. Frink*, 158 N.C. App. 581, 589, 582 S.E.2d 617, 622 (2003). North Carolina Rule of Evidence 701 states:

[i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

N.C. Gen. Stat. § 8C-1, Rule 701 (2005).

Although a lay witness is usually restricted to facts within his knowledge, "if by reason of opportunities for observation he is in a position to judge . . . the facts more accurately than those who have not had such opportunities, his testimony will not be excluded on the ground that it is a mere expression of opinion."

*State v. Friend*, 164 N.C. App. 430, 437, 596 S.E.2d 275, 281 (2004) (quoting *State v. Lindley*, 286 N.C. 255, 257-58, 210 S.E.2d 207, 209 (1974)); *see State v. O'Hanlan*, 153 N.C. App. 546, 562-63, 570 S.E.2d 751, 761-62 (2002) (A detective's testimony was rationally based on his perception and experience as a detective investigating an assault, kidnapping and rape. His testimony was helpful to the fact-finder in presenting a clear understanding of his investigative process.), *cert. denied*, 358 N.C. 158, 593 S.E.2d 397 (2004).

Defendant objected to Detective Landers's testimony as training and coaching a sexual abuse victim. Detective Landers stated:

[i]t's been my experience that if a child has the same exact story every time, then the story . . . has usually been coached. Most of the time, through my experience, with sexual assault victims and with children is there will be something that [sic] will come up later. The story will not every time be exactly the same.

Detective Landers continued to testify about the procedure he uses for questioning child witnesses, who complain of sexual abuse.

Detective Landers's testimony constitutes permissible lay witness testimony. Detective Landers's nine years experience with the Concord Police Department and four years in the special victims unit dealing with rape, child molestation, and domestic violence victims supports his testimony on the procedure he uses for questioning child witnesses. Detective Landers did not offer an opinion on A.W.'s credibility as a witness. The trial court did not err in admitting Detective Landers's testimony. Defendant's assignment of error is overruled.

## V. Amending the Indictment

**[3]** Defendant argues that the trial court erred in allowing the State's motion to amend the indictment by changing the alleged offense date and by denying his motion to dismiss. We disagree.

Under N.C. Gen. Stat. § 15A-923(e) (2005), "a bill of indictment may not be amended." "[T]he term 'amendment' under N.C.G.S. § 15A-923(e) [means] 'any change in the indictment which would substantially alter the charge set forth in the indictment.' " *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (quoting *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)).

> An indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible and explicit manner . . . . It will not be quashed by reasons of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.

*State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984) (citations omitted). "[W]hen time is not of the essence of the offense charged, an indictment may not be quashed for failure to allege the specific date on which the crime was committed." *Price*, 310 N.C. at 599, 313 S.E.2d at 559.

A change of the date of the offense is permitted if the change does not substantially alter the offense as alleged in the indictment. *State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994); *see State v. Parker*, 146 N.C. App. 715, 718, 555 S.E.2d 609, 611 (2001) (if the proof was consistent with the elements alleged in the indictment, an amendment in time does not amend the indictment to violate N.C. Gen. Stat. § 15A-923(e)).

In *State v. McGriff*, the change of the dates in the indictment in a statutory rape case to expand the time frame did not substantially alter the charge set forth in the indictment. 151 N.C. App. 631, 637, 566 S.E.2d 776, 780 (2002). "[A] judgment should not be reversed when the indictment lists an incorrect date or time 'if time was not of the essence' of the offense, and 'the error or omission did not mislead the defendant to his prejudice.' " *State v. Stewart*, 353 N.C. 516, 517, 546 S.E.2d 568, 569 (2001) (quoting *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991)).

A variance as to time, however, becomes material and of the essence when it deprives a defendant of an opportunity to adequately

present his defense. *Price*, 310 N.C. at 599, 313 S.E.2d at 559. We recently stated:

> Even in child sexual abuse cases . . . variance as to time . . . becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense . . . . The purpose of the rule as to variance is to avoid surprise, and the discrepancy must not be used to ensnare the defendant or to deprive him of an opportunity to present his defense . . . . Time variances do not always prejudice a defendant so as to require dismissal, even when an alibi is involved. Thus, a defendant suffers no prejudice when the allegations and proof substantially correspond; when [a] defendant presents alibi evidence relating to neither the date charged nor the date shown by the State's evidence; or when a defendant presents an alibi defense for both dates. However, when the defendant relies on the date set forth in the indictment and the evidence set forth by the State substantially varies to the prejudice of [the] defendant, the interests of justice and fair play require that [the] defendant's motion for dismissal be granted.

*State v. Custis*, 162 N.C. App. 715, 718, 591 S.E.2d 895, 898 (2004) (internal quotations and citations omitted). In *State v. Bowen*, this Court held an indictment amendment from "SB" to "SR," when "SB" was adopted by her grandparents after the indictment had been issued, did not substantially alter the crime charged. 139 N.C. App. 18, 27, 533 S.E.2d 248, 254 (2000).

The grand jury indicted defendant for statutory sex offenses that allegedly occurred in June through August 2000, June through August 2002, and November 2001. At trial, A.W. testified that defendant committed a sexual offense upon her once between June and August 2000, during Thanksgiving or Christmas 2001, and multiple times during June through August 2002.

In addition, A.W., as the first witness, testified that during the summer of 2001 defendant "came into [her] room at night before he'd go to work, and he'd do the same thing, put his fingers in my private area." A.W. testified she told defendant to stop, the assaults lasted no more than twenty minutes around four or five in the morning either every night or every other night. A.W. also testified that during the summer of 2001, defendant also masturbated in her room to the point of ejaculation each time he entered her room at night for the sexual offense. To protect herself, A.W. tried to sleep in her brother's room.

A.W. next testified that she visited defendant during Thanksgiving *or* Christmas 2001 and defendant "[came] into [her] room at night and put his finger into [her] vagina." Defendant presented evidence of a letter from A.W. that she was in Georgia for Thanksgiving in November 2001, but failed to present any other alibi or reverse alibi defense. During the State's recross-examination of defendant, the trial court amended indictment 03 CRS 11009 to supplant the alleged date of November 2001 with June through August 2001.

The amendment did not substantially alter the charges against defendant. The State presented evidence of defendant's conduct both during June through August 2001 and during Thanksgiving *or* Christmas 2001. Time was not an essential element of the offense charged, and A.W. testified all acts occurred while she was under the age of fifteen. Defendant was provided sufficient notice to present an alibi or reverse alibi defense. *See State v. Joyce,* 104 N.C. App. 558, 573, 410 S.E.2d 516, 525 (1991) (change made in the indictment from "knife" to "firearm" did not alter the burden of proof or constitute a substantial change prohibited by N.C.G.S. § 15A-923(e)), *cert. denied,* 331 N.C. 120, 414 S.E.2d 764 (1992); *State v. Bailey,* 97 N.C. App. 472, 475-76, 389 S.E.2d 131, 133 (1990) (change to the indictment which stated victim's name as "Pettress Cebron" to correctly reflect the victim's name as "Cebron Pettress" was not a prohibited amendment); *State v. Haigler,* 14 N.C. App. 501, 505-06, 188 S.E.2d 586, 589-90 (change to the indictment changing the description of the stolen property, an essential element of the offense, from "scrap copper" to "scrap bronze" was not a prohibited amendment), *cert. denied,* 281 N.C. 625, 190 S.E.2d 468 (1972). This assignment of error is overruled.

### VI. Motion to Dismiss

[4] Defendant next contends that the trial court erred in denying his motion to dismiss on indictment 03 CRS 11009 for statutory sex offense.

### A. Standard of Review

When ruling on a motion to dismiss, the trial court must decide whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. Evidence is viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences.

*State v. King*, 178 N.C. App. 122, 130-31, 630 S.E.2d 719, 724 (2006) (internal citations and quotations omitted).

### B. Statutory Sex Offense

A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A(a) (2005). The State presented evidence of sexual offense by defendant that occurred during the summer of 2001:

Victim: [Defendant] came into my room at night before he'd go to work, and he'd do the same thing, put his fingers in my private area.

Prosecutor: Did it hurt you?

Victim: Yes.

Prosecutor: Did you do anything to get him to stop?

. . . .

Victim: I told him to stop, push his hands away.

Evidence in the record tends to show A.W. was thirteen years old during the summer of 2001, and that defendant was at least six years older than A.W. and was not lawfully married to her. The State presented sufficient evidence of each element which tended to show defendant committed sexual assaults upon A.W. to withstand his motion to dismiss. Defendant's assignment of error is overruled.

### VII. Unanimous Jury Verdict

[5] Defendant argues the trial court violated his constitutional right to an unanimous jury. He asserts neither the jury instructions nor the verdict sheets required the jury to unanimously agree on the specific acts he committed to support each verdict. We disagree.

The North Carolina Constitution and the North Carolina General Statutes both require an unanimous verdict in a criminal jury trial. *See* N.C. Const. Art. 1, Section 24; N.C. Gen. Stat. § 15A-1237(b) (2005). Our Supreme Court recently reviewed and rejected defendant's argument under similar facts. " 'The risk of a nonunanimous ver-

dict does not arise in cases such as the one at bar because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive.'" *State v. Lawrence*, 360 N.C. 368, 375, 627 S.E.2d 609, 613 (2006) (quoting *State v. Hartness*, 326 N.C. 561, 564, 391 S.E.2d 177, 179 (1990)); *see State v. Lawrence*, 360 N.C. 393, 697 S.E.2d 615 (2006) (reversed this Court's decision for the defendant's seven convictions for sexual offense per reasoning set forth in *State v. Lawrence*, 360 N.C. 368, 675 S.E.2d 609). "[A] defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents." *Id.* at 375, 675 S.E.2d at 613.

Under this same reasoning, our Supreme Court upheld a defendant's five statutory rape convictions under N.C. Gen. Stat. § 14-27.2(a)(1) because of the victim's age and three indecent liberties convictions. *Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613; *see* N.C. Gen. Stat. § 14-27.2(a)(1) ("[a] person is guilty of rape in the first degree if the person engages in vaginal intercourse . . . with a victim who is a child under the age of 13 years . . . ."). The reasoning our Supreme Court set forth in *Lawrence* may be imputed to sexual offense charges because: (1) N.C. Gen. Stat. § 15-144.2(a) authorizes, for sexual offense, an abbreviated form of indictment which omits allegations of the particular elements that distinguish first-degree and second-degree sexual offense. *State v. Berkley*, 56 N.C. App. 163, 167, 287 S.E.2d 445, 449 (1982); and (2) if a defendant wishes additional information in the nature of the specific "sexual act" with which he stands charged, he may move for a bill of particulars. *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982).

The State presented evidence through A.W.'s testimony of defendant's sexual offenses upon A.W. during the summers of 2000, 2001, 2002, during Thanksgiving or Christmas 2001, and May 2003. A.W. testimony that she visited with defendant during these times was corroborated by her mother. A.W. testified defendant inserted his fingers into her vagina on multiple occasions. Testimony from the State's six other witnesses corroborated A.W.'s testimony. Each indictment stated that defendant committed a sexual offense with A.W. Under the reasoning in *State v. Lawrence*, this assignment of error is overruled. *Lawrence*, 360 N.C. at 375, 675 S.E.2d at 613.

## VII.  Conclusion

The trial court did not err in admitting Dr. Powell's and Detective Landers's testimony. Neither witnesses' testimony was offered solely to bolster A.W.'s credibility. The trial court did not err in changing the alleged offense date in the indictment. A.W. specifically testified to acts which occurred within the times alleged, time was not a specific element of the offense charged, and defendant presented no alibi defense except A.W.'s letter that she was in Georgia during Thanksgiving 2001.

The trial court did not violate defendant's constitutional and statutory right to a unanimous verdict. The State presented sufficient evidence to support the elements of each crime charged. Defendant received a fair trial, free from prejudicial errors he preserved, assigned, and argued.

No Error.

Judges WYNN and HUDSON concur.