STATE OF NORTH CAROLINA v. RONNIE LANE STANCIL

No. 589A01

(Filed 7 March 2002)

**1. Evidence— sexual offense against child—expert testimony**

In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has in fact occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility. However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith.

**2. Evidence— sexual assault—child victim—expert opinion— not plain error**

Although the State failed to lay an adequate foundation for the admission of a pediatrician's statement of opinion that a child victim was in fact sexually assaulted under N.C.G.S. § 8C-1, Rule 702, the admission of this testimony did not constitute plain error because the error did not cause the jury to reach a different verdict than it otherwise would have reached in light of the overwhelming evidence against defendant.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 146 N.C. App. 234, 552 S.E.2d 212 (2001), finding no error in a judgment entered 16 September 1999 by Winner, J., in Superior Court, Cabarrus County. Heard in the Supreme Court 13 February 2002.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State.*

*Michael A. Grace and Christopher R. Clifton for defendant-appellant.*

PER CURIAM.

[1] In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has *in fact* occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding

the victim's credibility. *State v. Trent*, 320 N.C. 610, 359 S.E.2d 463 (1987); *State v. Grover*, 142 N.C. App. 411, 543 S.E.2d 179, *aff'd per curiam*, 354 N.C. 354, 553 S.E.2d 679 (2001). However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith. *State v. Hall*, 330 N.C. 808, 818, 412 S.E.2d 883, 888 (1992); *State v. Aguallo*, 322 N.C. 818, 822-23, 370 S.E.2d 676, 678 (1988); *State v. Kennedy*, 320 N.C. 20, 32, 357 S.E.2d 359, 366 (1987).

[2] In the case *sub judice*, although a thorough examination and a series of tests revealed no physical evidence of sexual abuse, the trial court allowed Dr. Prakash, a pediatrician, to testify that the victim was "sexually assaulted and [that there was] also maltreatment, emotionally, physically, and sexually." The doctor based her opinion on two examinations of the child and her review of an in-depth interview with the child by a psychologist. Upon the record before us, the State failed to lay an adequate foundation for the admission of Dr. Prakash's statement of opinion that the victim was *in fact* sexually assaulted under N.C.G.S. § 8C-1, Rule 702.

The defendant did not make a timely objection at trial to Dr. Prakash's statement of opinion. We review for plain error. *See State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). The overwhelming evidence against defendant leads us to conclude that the error committed did not cause the jury to reach a different verdict than it otherwise would have reached. *See State v. Walker*, 316 N.C. 33, 38-39, 340 S.E.2d 80, 83 (1986). Accordingly, although the trial court's admission of the challenged portion of Dr. Prakash's testimony was error, it did not rise to the level of plain error.

MODIFIED AND AFFIRMED.