IN THE MATTER OF: OLIVIA MORALES

IN THE MATTER OF: LILLY MORALES

No. COA02-1037

(Filed 5 August 2003)

### 1. Appeal and Error— preservation of issues—failure to assign error—failure to argue in brief

Although respondent parents contend the trial court erred in a child sexual abuse and neglect case by admitting, over respondents' objection, the hearsay statements of one of their children, this issue was not preserved for appellate review because: (1) respondents did not assign error to the testimony of two social workers regarding statements by the child even though respondents now argue these statements were inadmissible hearsay; and (2) respondents failed to brief the issue of the testimony of a doctor being error, and the portion of the transcript referenced in the assignment of error is not addressed in the brief.

### 2. Child Abuse and Neglect— opinion testimony sexual abuse occurred—failure to object—waiver—failure to show prejudice

The trial court did not err in a child sexual abuse and neglect case by admitting the opinions of a social worker and a doctor that sexual abuse had in fact occurred, because: (1) respondents did not preserve the issue of the doctor's testimony since respondents made no objection to the doctor's testimony; (2) respondents waived their objection to the social worker's opinion since an objection to evidence may not be appealed if identical evidence was subsequently admitted without objection, and a doctor testified without objection identically to the social worker; and (3) while the opinions expressed by the experts were improper under the circumstances of this case, respondents failed to establish that they were prejudiced by the admission of this testimony when the trial court explicitly noted that it was not relying on the incompetent evidence and competent evidence existed to support the court's findings.

### 3. Child Abuse and Neglect— sexual abuse—motion to dismiss—sufficiency of evidence

The trial court did not err in a child sexual abuse and neglect case by denying respondent parents' motions to dismiss at the

close of petitioner's evidence and at the close of all evidence, because: (1) at the close of petitioner's evidence, the trial court had ample evidence before it supporting a finding that respondents' older child had been sexually abused and that their younger child was living in an injurious environment, respondents' own counsel elicited from a social worker statements made by the older child that demonstrated sexual knowledge, another social worker testified extensively to statements of the older child describing sexual contact with respondent father, and a doctor testified without objection that the older child had very specific knowledge that a child would not have without exposure to sexual abuse; and (2) at the close of all evidence, respondents themselves introduced the videotaped interviews of their older daughter that they now argue the trial court should not have used in rendering its decision, and respondents cannot now complain simply based on the fact that the trial court saw the evidence in a different light than respondents intended.

Appeal by respondents from orders entered 11 February 2002 by Judge Leonard W. Thagard in Sampson County District Court. Heard in the Court of Appeals 16 April 2003.

*Sampson County Department of Social Services, by Benjamin R. Warrick, for petitioner-appellee.*

*Philip E. Williams, for respondents-appellants.*

*Isaac Cortes, Jr., for Olivia and Lilly Morales.*

GEER, Judge.

Respondents Jesus Morales and Alicia Locklear appeal the trial court's determination that their daughter Lillian ("Lilly") was an abused child and their daughter Olivia was a neglected child. Respondents argue primarily that the trial court should not have allowed social workers to testify as to statements made to them by Lilly and should have excluded the testimony of a social worker and a physician that they believed Lilly in fact to be abused. Since respondents have failed to preserve their arguments properly for review on appeal and have failed to demonstrate prejudice from any errors, we affirm.

Respondents Alicia Locklear and Jesus Morales are the parents of Lilly, born 17 September 1997, and Olivia, born 2 September 1998. Ms.

Locklear is also the mother of a third child, Brittany, who at the time of the hearing was seven years old.

Brittany was living with her father and stepmother, Betty Smith, when her stepmother observed her sitting on top of a stuffed animal and moving in a sexual way. In response to questioning by Ms. Smith, Brittany identified Mr. Morales as someone who had touched her "a lot" in a way that was "not right." Ms. Smith took Brittany to the doctor who called petitioner, Sampson County Department of Social Services.

As a result of the report regarding Brittany (received on 8 November 2001) and an evaluation of Brittany, DSS social worker Marissa Dempsey attempted to contact respondents regarding Lilly and Olivia. On 15 November 2001, petitioner filed petitions alleging Lilly Morales, age five, and Olivia Morales, age three, to be abused juveniles. Specifically, the petitions alleged that Lilly was an abused juvenile in that her father, Jesus Morales, "committed, permitted, or encouraged the commission of a sex or pornography offense with or upon the juvenile in violation of the criminal law." Olivia's petition alleged that she "resid[ed] in an injurious environment." The court issued orders for nonsecure custody and the children were placed in foster care.

Lilly was interviewed on 30 November and 7 December 2001 by social worker Jeanne Arnts at the Center for Child and Family Health in Durham, North Carolina. In addition, Lilly was given a physical examination by Dana Leinenweber, M.D., also employed at the Center. Ms. Arnts and Dr. Leinenweber together prepared a report based on the interviews and physical examination, reached a diagnosis, and developed a plan and recommendations for Lilly and Olivia.

Judge Leonard W. Thagard conducted a hearing on the merits of the petitions from 29 January through 31 January 2002. After hearing testimony from eleven witnesses, reviewing videotapes of interviews of Lilly, and hearing argument, the court on 11 February 2002, in separate orders, found that Lilly was an abused child and that Olivia was a neglected child as defined by N.C. Gen. Stat. § 7B-101 (2001). Respondents filed notice of appeal on 21 February 2002.

I

[1] Respondents first argue generally that "[t]he trial court erred in admitting, over respondent's objection, Lilly's hearsay statements." Only one of their assignments of error, however, even arguably chal-

lenges the admission of Lilly's statements: "The trial court erred in allowing, over respondents' objection, Dr. Dana Leinenweber to testify as to statements made by Lillian Morales to Jean Arntz [sic] when Dr. Leinenweber did not hear the statements."

Although, in their brief, respondents now argue that Ms. Arnts' and Ms. Dempsey's testimony regarding statements by Lilly constituted inadmissible hearsay, that contention was not assigned as error and, therefore, was not preserved for review. N.C.R. App. P. 10(a) ("the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal"). As for the testimony of Dr. Leinenweber, assigned as error, respondents have failed to brief that issue. The portion of the transcript referenced in the assignment of error is not addressed in the brief. This assignment of error is, therefore, deemed abandoned. N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

II

**[2]** Second, respondents argue that the trial court erred in admitting Ms. Arnts' and Dr. Leinenweber's opinions that sexual abuse had in fact occurred. It first should be noted that while respondents objected to Ms. Arnts' opinion, they made no objection to Dr. Leinenweber's testimony that she had diagnosed Lilly as being sexually abused. Respondents cannot now challenge Dr. Leinenweber's testimony. N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely . . . objection . . . .").

It is also well-established that an objection to evidence may not be appealed if identical evidence was subsequently admitted without objection. *State v. Hyman*, 153 N.C. App. 396, 401, 570 S.E.2d 745, 748 (2002) ("An objection to the admission of evidence is waived where the same or similar evidence is subsequently admitted without objection."), *cert. denied*, 357 N.C. 253, 583 S.E.2d 41 (2003). Since Dr. Leinenweber testified without objection identically to Ms. Arnts, respondents waived their objection to Ms. Arnts' opinion.

Further, while we agree that the opinions expressed by the experts were improper under the circumstances of this case, respondents have failed to establish that they were prejudiced by the

admission of this testimony. In a bench trial, "the court is presumed to disregard incompetent evidence. Where there is competent evidence to support the court's findings, the admission of incompetent evidence is not prejudicial." *In re McMillon*, 143 N.C. App. 402, 411, 546 S.E.2d 169, 175 (citations omitted), *disc. review denied*, 354 N.C. 218, 554 S.E.2d 341 (2001).

As this Court pointed out in *In re Huff*, 140 N.C. App. 288, 301, 536 S.E.2d 838, 846 (2000) (citations omitted; internal quotation marks omitted), *appeal dismissed and disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001):

> The mere admission by the trial court of incompetent evidence over proper objection does not require reversal on appeal. Rather, the appellant must also show that the incompetent evidence caused some prejudice. In the context of a bench trial, an appellant must show that the court relied on the incompetent evidence in making its findings. Where there is competent evidence in the record supporting the court's findings, we presume that the court relied upon it and disregarded the incompetent evidence.

Here, respondents have failed to meet their burden of proving that the trial court relied upon incompetent evidence in making its findings.

Our Supreme Court has held:

> In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has *in fact* occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility.

*State v. Stancil*, 355 N.C. 266, 266-67, 559 S.E.2d 788, 789 (2002) (emphasis original). Nevertheless, "an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith." *Id.* at 267, 559 S.E.2d at 789.

In a jury trial, the distinction between an expert witness' testifying (a) that sexual abuse in fact occurred or (b) that a victim has symptoms consistent with sexual abuse is critical. A jury could well be improperly swayed by the expert's endorsement of the victim's credibility. In a bench trial, however, we can presume, unless an appellant shows otherwise, that the trial court understood the dis-

tinction and did not improperly rely upon an expert witness' assessment of credibility. *Cf. Stancil,* 355 N.C. at 266, 559 S.E.2d at 789 (limiting its holding to "sexual offense prosecution[s]").

In this case, respondents have not demonstrated that the trial court relied upon the improper expert opinions of Ms. Arnts and Dr. Leinenweber. In fact, the transcript establishes the contrary. At the end of the hearing and before rendering his decision, the trial court recognized that these expert opinions were likely inadmissible and stated "even if Dr. [Leinenweber] had not been allowed to express an opinion in this case, my decision on the facts would not change. And the same for Mrs. [Arnts]." The court specified that it was relying on the videotape of Lilly, offered by respondents, which the court found "powerful and convincing;" on Lilly's statements to the social workers (not objected to or assigned as error); and on the statements made by her half-sister Brittany. Since the trial court explicitly noted that it was not relying on the incompetent evidence and since competent evidence existed to support the court's findings, we overrule these assignments of error.

### III

[3] Finally, respondents argue that the trial court erred in denying their motions to dismiss at the close of petitioners' evidence and at the close of all of the evidence. We disagree.

At the close of petitioners' evidence, the trial court had ample evidence before it supporting a finding that Lilly had been sexually abused and that Olivia was living in an injurious environment. Respondents' own counsel had elicited from DSS social worker Marissa Dempsey statements made by Lilly that demonstrated sexual knowledge. Ms. Arnts testified extensively—without contemporaneous objection by respondents—to statements of Lilly describing sexual contact with Mr. Morales. In addition, Dr. Leinenweber testified without objection that Lilly had "very specific knowledge that a child would not have without exposure to this sort of thing," referring to sexual abuse. This evidence was sufficient for denial of the motion to dismiss at the close of petitioner's evidence.

With respect to the motion to dismiss at the close of all of the evidence, respondents argue that the trial court should not, in rendering its decision, have relied upon the videotaped interviews of Lilly. Respondents themselves introduced the videotapes into evidence and urged the trial court to view them. Respondents cannot complain

simply because the trial court saw their evidence in a different light than they intended. *See State v. Williams*, 333 N.C. 719, 728, 430 S.E.2d 888, 893 (1993) ("A defendant is not prejudiced by error resulting from his own conduct. N.C.G.S. § 15A-1443(c) (1988).").

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.