McCULLOUGH, Judge.
Defendant Bobby Ray Buck was charged in a true bill of indictment with first-degree statutory sexual offense against his four-year-old daughter (hereinafter "D.B.") and taking indecent liberties with her. A jury found defendant guilty of taking indecent liberties. Defendant appeals from the judgment entered upon the verdict.
The State's evidence tended to show that while D.B. was spending the night at her aunt's house in April of 2003, she told her aunt that "my daddy touches me here" and pointed to her genital area. D.B. told her aunt that she had told her mother and her grandmother but they had not believed her. The next day, D.B.'s aunt and grandfather took D.B. to Washington Pediatrics for an examination. D.B. told the examining physician, Dr. Gigi Anchan, that defendant touched her in her private area with his finger and that it occurred while she was sitting next to her father on the sofa watching T.V. Dr. Anchan, who was qualified as an expert, testified that she did not find any apparent abrasions or bruises in the external area of D.B.'s vaginal area during the examination. She testified that the lack of physical signs is especially true when the child is not examined within the first twenty-four to seventy-two hours after the alleged abuse has occurred. Dr. Anchan also testified that pediatricians are mandated by state law to report to Child Protective Services "if there is even a suspicion of child abuse." Dr. Anchan further testified that "[i]f you have a child that's telling you something, you have to give that child the benefit of the doubt and further investigation needs to be done. Our job is to listen to the story [of the child], examine the child, treat the acute problem, and make sure the appropriate referral and calls are made so that this child doesn't go back in that same situation and go through this over and over again." Dr. Anchan notified Child Protective Services who, in turn, contacted the Tedi Bear Clinic of East Carolina University Pediatrics for a comprehensive evaluation of D.B. D.B told a forensic interviewer, that her father "puts his finger in my hinny and he pushes on it and it hurts."
D.B., who was escorted to the witness stand by her foster mother, testified that defendant stuck his finger between her legs in her vaginal area. She further testified that the touching occurred while she and her father were lying on the couch under a blanket in their home. During D.B.'s testimony, D.B.'s foster mother sat by D.B. and held her hand.
On appeal, defendant first contends the trial court erred in permitting Dr. Anchan to testify as to her opinion that D.B had been sexually abused when there was no physical evidence of abuse in violation of N.C.R. Evid. 702. The assignment of error arises out of the following redirect examination of Dr. Anchan by the district attorney:
Q. [Counsel for defendant] asked you about the diaper rash and itching that could often cause some redness; is that right?
A. Yes.
Q. With a four- or five-year-old child, female, would it be possible for fondling or possible penetration of her vagina causing redness, also?
A. It's possible in the acute setting. But not necessarily.
Q. Explain what you mean by "acute".
A. The perineal area, the area of the private region of the child's body, heals over very quickly, and if we don't see them in the acute setting, in the first 24 to 72 hours, there might not be anything. You know, abuse that took place a couple of months before that or a couple of weeks before that may not show up as anything. And that's why we don't - we don't - when we get a complaint like this, we examine the child, and, if we don't see anything, that does not mean we don't report. If you have a child that's telling you something, you have to give that child the benefit of the doubt and further investigation needs to be done. Our job is to listen to thestory, examine the child, treat the acute problem, and make sure that appropriate referrals and calls are made so that this child doesn't go back in that same situation and go through this over and over again.
Defendant argues that Dr. Anchan's statement "this child doesn't go back in that same situation and go through this over and over again" demonstrated her opinion that D.B. was abused and amounts to an impermissible expert opinion as to D.B's credibility. Defendant did not object to Dr. Anchan's statement, and therefore, asks this Court for plain error review. Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)(quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)). Defendant, therefore, "must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).
Under Rule 702(a), if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion. N.C. Gen. Stat. § 8C-1, Rule 702(a) (2003). An expert medical witness may render an opinion pursuant to Rule 702 that sexual abuse has in fact occurred if the State establishes a proper foundation, i.e.,physical evidence consistent with sexual abuse. State v. Stancil, 355 N.C. 266, 559 S.E.2d 788 (2002). However, in the absence of physical evidence to support a diagnosis of sexual abuse, expert testimony that sexual abuse has in fact occurred is not admissible because it is an impermissible opinion regarding the victim's credibility. State v. Grover, 142 N.C. App. 411, 418-19, 543 S.E.2d 179, 183-84, aff'd, 354 N.C. 354, 553 S.E.2d 679 (2001).
Contrary to defendant's assertion, Dr. Anchan's statement does not amount to an opinion that sexual abuse had in fact occurred. Rather, it was part of Dr. Anchan's explanation of an "acute setting" and the responsibilities/roles of medical personnel when a minor child is not seen in an acute setting. Dr. Anchan's testimony was elicited to help the jury understand the acute setting and did not express an opinion that sexual abuse had occurred. Thus, the trial court properly admitted Dr. Anchan's statement.
Defendant also contends the trial court erred by not making an inquiry before allowing the victim's foster mother to accompany the victim to the witness stand and hold her hand throughout the victim's testimony. Defendant did not object to the procedure, and again, asks this Court to review for plain error. Our Supreme Court has held that review of such unpreserved questions or issues for plain error is limited to those issues involving "either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996), cert. denied, 525 U.S. 952, 142 L.Ed. 2d 315 (1998). The specific plain error alleged by defendant involves neither issues of jury instructions nor admissibility of evidence offered by the State. This assignment of error is overruled.
No error.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).