STATE OF NORTH CAROLINA
v.
JOSE LUIS DOMINGUEZ.
No. COA06-1578
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Belinda A. Smith, for the State.
Richard G. Roose, for defendant-appellant.
CALABRIA, Judge.
Jose Luis Dominguez ("defendant") appeals from judgments imposed upon jury verdicts finding him guilty of first degree statutory rape and taking indecent liberties with a child. We find no error.
The State presented evidence tending to show that between January and September 2005, the defendant resided in a house inhabited by a friend as well as the friend's wife and children. Defendant slept in a bedroom upstairs close to a bedroom in which a female child, then age ten, and two male children slept. The female child (hereinafter "victim") slept in one bed while the two boys slept in another. The victim's father and mother slept in a downstairs bedroom. The victim testified that on a Friday night defendant came into her bedroom and touched her breast underneath her bedclothes. Defendant pulled her from the bed onto the carpet, removed her shorts, and caused her pain when he inserted his penis into her vagina. Defendant placed his hand over her mouth to prevent her from screaming. After defendant finished with the victim and left her room, she went into the bathroom and saw "water" coming from her vaginal area. She washed herself and returned to bed but she could not go back to sleep. Defendant subsequently returned to the victim's bedroom on other weekend nights and repeated the same activity. Each time, defendant unlocked the door to enter the bedroom and turned off the nightlight in the bedroom before engaging in the sexual activity. Each time she cleaned herself afterward and also observed "water" coming from her vaginal area. Defendant told the victim not to tell anyone or else she would be beaten.
The victim subsequently developed a discharge, pain, and itching in her vaginal area. Her mother sought treatment for her at a medical clinic called Today's Woman Health and Wellness Center ("Today's Woman"). Ayonna Galloway ("Galloway"), a physician's assistant at Today's Woman, testified that she examined the victim on 2 February 2006. Investigating the possible cause of the victim's complaint of burning during urination, she asked the victim whether "she had been touched in a manner that she did not want to be touched." The victim initially denied being touched but when Galloway asked the question again with an explanation, the victim became very emotional and admitted being touched by "Jose." The victim stated that it happened more than once before Christmas. Galloway conducted a pelvic exam. She observed the victim's labia majora was positive for chafing, her introitus was irregular, her hymen was absent, and her vaginal canal was relaxed. Galloway contacted the police and arranged an appointment for an examination by Dr. Sara Sinal ("Dr. Sinal"), a child sexual abuse specialist.
Dr. Sinal testified as an expert in child sexual abuse examination. When she examined the victim on 27 March 2006, she observed that the victim had a "redundant or overlapping hymen." She also was unable to find any interruption in the hymen and characterized the examination as normal. However, Dr. Sinal also testified that there are cases in which the hymen heals itself and increased estrogen production when a child enters puberty may cause the hymen to thicken and may obscure any prior injury to the hymen. The victim had experienced her first menstrual cycle four months prior to the examination.
Cynthia Stewart ("Stewart"), a social worker at North Carolina Baptist Hospital, testified that she interviewed the victim and the victim's mother in preparing a history prior to the victim's examination by Dr. Sinal. She interviewed the victim twice, once in the presence of a male Spanish language interpreter and the second time in the presence of a female Spanish language interpreter. The victim did not say much during the first interview interpreted by the male. However, she talked more during the interview in the presence of the female interpreter. Specifically, the victim stated that defendant inserted his penis into her vagina.
The victim's mother testified that she always checked to see that the victim's bedroom door was locked when she went to bed and that she noticed the doorknob to the bedroom became loose and scratched while defendant was staying with the family. She also related that the children went to sleep with a nightlight on and that it was usually illuminated each morning but on some mornings, she observed the nightlight had been removed and placed on the floor.
Defendant did not present any evidence.
As an initial matter, defendant argues only one of the two assignments of error in the record. Therefore, the remaining assignment of error is deemed abandoned per N.C. R. App. 28(b)(6) (2007). See also State v. Hall, 23 N.C. App. 553, 554, 209 S.E.2d 408, 409 (1974). By the sole assignment of error brought forward in his brief, defendant contends the court committed plain error by admitting opinion testimony of Cynthia Stewart that the child's "behaviors and the characteristics, the statements, and her disclosure are consistent with a child who has experienced sexual abuse." By assigning plain error, defendant concedes that he did not object to admission of the evidence in the trial court. See State v. Oliver, 309 N.C. 326, 335, 307 S.E.2d 304, 312 (1983). The burden is therefore upon defendant to show "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). We conclude defendant has shown neither.
Our Supreme Court has succinctly summarized the governing law as follows:
In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has in fact occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility. ... However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith. . . . (Citations omitted.)
State v. Stancil, 355 N.C. 266, 266-267, 559 S.E.2d 788, 789 (2002). We conclude Stewart's testimony did not constitute an opinion that the victim had actually been sexually abused. Rather, she permissibly testified that the victim's statements, profiles, and symptoms were consistent with those of sexually abused children. Neither are we persuaded that had the evidence not been admitted, a different verdict would have resulted. The jury heard compelling and uncontradicted testimony from the victim and her mother. The victim consistently told the same story to several witnesses. Our Supreme Court found similar evidence in Stancil to be overwhelming evidence of guilt sufficient to overcome erroneous admission of opinion testimony that the victim in that case had actually been sexually assaulted. Id. at 267, 559 S.E.2d at 789.
No error.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).