STROUD, Judge.
*223 James Mark Purcell ("defendant") appeals from judgments entered on jury verdicts, in which the jury found him guilty of rape of a child, two counts of sexual offense with a child, and taking indecent liberties with a child. Defendant contends that (1) the trial court committed plain error in admitting expert opinion testimony and (2) the trial court erred in its sentencing determinations. We find no error in part, reverse in part, and remand.
I. Background
One afternoon in the summer of 2010, S.G.'s mother dropped off eleven-year-old S.G. and her siblings at S.G's grandmother's house.[1] While S.G.'s siblings watched television in her grandmother's bedroom, S.G. watched television in the living room. S.G.'s grandmother was asleep in the living room. Defendant, S.G.'s uncle, entered the living room and told S.G. to go into his bedroom, and she did. Defendant took off his clothes and told S.G. to take off her clothes and get on his bed. S.G. complied. Defendant then got on top of her and felt her chest, bottom, and vagina with his hands. Defendant performed cunnilingus, anal intercourse, and vaginal intercourse. S.G. was crying, but defendant covered her mouth with his hand.
S.G.'s cousin then came into the house and called for defendant. Defendant jumped off the bed, put on his clothes, and told S.G. to put on her clothes. Defendant and S.G.'s cousin spoke outside the house, and S.G. went back to the living room, still crying. S.G.'s grandmother was still asleep. Defendant walked back into the living room and attempted to make S.G. perform fellatio, but S.G. resisted. After S.G.'s grandmother made some movements in her sleep, defendant left S.G. and went back into his bedroom.
On 17 April 2013, S.G. began crying in class at school, so S.G.'s teacher sent her to the school guidance counselor and school social worker. S.G. reported some of defendant's sexual abuse to the guidance counselor and social worker but did not disclose anal penetration. The social worker reported her allegations to the Hoke County Department of Social Services. On 13 May 2013, Dr. Danielle Thomas-Taylor, the medical director of a family medicine program in Fayetteville and a board-certified child abuse pediatrician, interviewed S.G. and *224 performed a physical exam. During this interview, S.G. reported to Dr. Thomas-Taylor that defendant had performed anal intercourse, among other sexually abusive acts.
On or about 2 December 2013, a grand jury indicted defendant for rape of a child, sexual offense with a child based on anal intercourse, sexual offense with a child based on cunnilingus, and two counts of taking indecent liberties with a child. See N.C. Gen.Stat. §§ 14-27.2A, -27.4A, -202.1 (2009). On or about 4 June 2014, at the close of the State's evidence at trial, the trial court dismissed one count of taking indecent liberties with a child. On or about 5 June 2014, the jury found defendant guilty of the remaining charges. For the conviction of rape of a child, the trial court sentenced defendant to 483 to 640 months' imprisonment. For the conviction of sex offense with a child based on anal intercourse, the trial court sentenced defendant to 483 to 640 months' imprisonment and ordered that this sentence run consecutively to the sentence imposed for the *395 conviction of rape of a child. The trial court consolidated the conviction of sex offense with a child based on cunnilingus and the conviction of taking indecent liberties with a child. For these convictions, the trial court sentenced defendant to 483 to 640 months' imprisonment and ordered that this sentence run concurrently with the sentence imposed for the conviction of sex offense with a child based on anal intercourse. Defendant gave notice of appeal in open court.
II. Admission of Expert Opinion Testimony
Defendant contends that the trial court committed plain error in admitting Dr. Thomas-Taylor's testimony that S.G.'s delay in reporting anal penetration was a characteristic consistent with the general behavior of children who have been sexually abused in that manner.[2] Defendant asserts that this testimony amounted to an opinion on S.G.'s credibility and thus was inadmissible.
A. Standard of Review
For an appellate court to find plain error, it must first be convinced that, absent the error, the jury would have reached a different verdict. The defendant has the burden of showing that the error constituted plain error.
Thus, on plain error review, the defendant must first demonstrate that the trial court committed error, and *225 next that absent the error, the jury probably would have reached a different result.
State v. Larkin, --- N.C.App. ----, ----, 764 S.E.2d 681, 685 (2014) (citations and quotation marks omitted), disc. review denied, - -- N.C. ----, 768 S.E.2d 841 (2015). "[A] trial court is afforded wide latitude in applying [North Carolina Rule of Evidence] 702 and will be reversed only for an abuse of discretion." State v. Carpenter, 147 N.C.App. 386, 393, 556 S.E.2d 316, 321 (2001) (brackets omitted), appeal dismissed and disc. review denied, 355 N.C. 217, 560 S.E.2d 143, cert. denied, 536 U.S. 967, 122 S.Ct. 2680, 153 L.Ed.2d 851 (2002).
B. Analysis
In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has in fact occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility. However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith.
State v. Stancil, 355 N.C. 266, 266-67, 559 S.E.2d 788, 789 (2002) (per curiam) (citations omitted). "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto in the form of an opinion[.]" N.C. Gen.Stat. § 8C-1, Rule 702 (2013). "Expert testimony is properly admissible when it can assist the jury in drawing certain inferences from facts and the expert is better qualified than the jury to draw such inferences..... Where the expert testimony is based on a proper foundation, the fact that this evidence may support the credibility of the victim does not alone render it inadmissible." State v. Treadway, 208 N.C.App. 286, 292-93, 702 S.E.2d 335, 342 (2010) (quotation marks and brackets omitted), disc. review denied, 365 N.C. 195, 710 S.E.2d 35 (2011).
The nature of the sexual abuse of children ... places lay jurors at a disadvantage. Common experience generally does not provide a background for understanding the special traits of these witnesses. Such an understanding is relevant as it would help the jury determine the credibility of a child who complains of sexual abuse. The young child ... subjected to sexual abuse may be unaware or *226 uncertain of the criminality of the abuser's conduct. Thus, the child may delay reporting the abuse. In addition the child may delay reporting the abuse because of confusion, guilt, fear or shame. The victim may also recant the story or ... be unable to remember *396 the chronology of the abuse or be unable to relate it consistently.
State v. Oliver, 85 N.C.App. 1, 11-12, 354 S.E.2d 527, 533-34, disc. review denied, 320 N.C. 174, 358 S.E.2d 57, 64, remanded pursuant to N.C. Gen.Stat. § 15A-1418(b), 320 N.C. 174, 358 S.E.2d 65 (1987). In Oliver, this Court held that an expert's opinion on the credibility of children in general who report sexual abuse was properly admissible under Rule 702, because the expert "was in a better position to have an opinion than the jury." Id. at 11-13, 354 S.E.2d at 533-34. Similarly, in Carpenter, an expert testified that "an abused child often delays disclosing the abuse and offered various reasons an abused child would continue to cooperate with an abuser." 147 N.C.App. at 394, 556 S.E.2d at 321. This Court held that this testimony did not amount to an opinion on the victim's credibility and was admissible. Id., 556 S.E.2d at 322.
Here, Dr. Thomas-Taylor gave the following testimony:
[Prosecutor:] Would it surprise you to hear that [S.G.] had not disclosed anal penetration prior to meeting with you on May 13?
[Dr. Thomas-Taylor:] No, it does not surprise me at all.
[Prosecutor:] And why is that?
[Dr. Thomas-Taylor:] Several reasons. One, oftentimes anal intercourse or assaults are the last thing that children will describe. It is sort of a socially-kind of considered a taboo or something odd, and so children don't often speak about it. Usually, the order of things that kids will disclose is vaginal penetration, because that's the way that people normally have sex, and kids think about it, then oral, and usually the one that they don't disclose as often is anal.
Dr. Thomas-Taylor did not opine on S.G.'s credibility; rather, she testified that S.G.'s delay in reporting anal penetration was not surprising given that children who have been sexually abused in that manner often delay in disclosing that particular abuse. Additionally, defendant does not contend that the State failed to lay a proper foundation for Dr. Thomas-Taylor's expert opinion, and we note that Dr. Thomas-Taylor testified that she is the medical director of a family medicine program *227 in Fayetteville and a board-certified child abuse pediatrician. The trial court thus did not abuse its discretion in admitting this testimony. See Stancil, 355 N.C. at 267, 559 S.E.2d at 789 ("[A]n expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith."); Carpenter, 147 N.C.App. at 394, 556 S.E.2d at 322 ; Oliver, 85 N.C.App. at 11-13, 354 S.E.2d at 533-34.
Defendant relies on State v. Heath, 316 N.C. 337, 341-43, 341 S.E.2d 565, 568-69 (1986). But Heath is distinguishable. There, an expert gave the following testimony:
[Prosecutor:] ... [D]o you have an opinion satisfactory to yourself as to whether or not [the victim] was suffering from any type of mental condition in early June of 1983, or a mental condition which could or might have caused her to make up a story about the sexual assault?
....
[Expert:] There is nothing in the record or current behavior that indicates that she has a record of lying.
Id. at 340, 341 S.E.2d at 567 (emphasis added). The North Carolina Supreme Court held that the prosecutor's question was improper, because it was "designed to elicit an opinion of the witness as to whether [the victim] had invented a story, or lied, about defendant's alleged attack on her." Id. at 341, 341 S.E.2d at 568. The Court also held that the expert's response was inadmissible, because it was an impermissible opinion on the victim's credibility. Id. at 343, 341 S.E.2d at 569. In contrast, here, the prosecutor properly elicited Dr. Thomas-Taylor's opinion that S.G.'s delay in reporting anal penetration was a characteristic consistent with the general behavior of children who have been sexually abused in that manner. Unlike in Heath , the prosecutor did not elicit Dr. Thomas-Taylor's opinion on S.G.'s credibility. Accordingly, we hold that the trial court did not abuse its discretion in admitting *397 this testimony, nor did it commit plain error. See Stancil, 355 N.C. at 267, 559 S.E.2d at 789.
III. Sentencing
A. Standard of Review
We review alleged violations of constitutional rights de novo. State v. Ward, 226 N.C.App. 386, 387-88, 742 S.E.2d 550, 552 (2013). "Questions of statutory interpretation are questions of law, which are reviewed de novo by an appellate court."
*228 State v. Jones, --- N.C.App. ----, ----, 767 S.E.2d 341, 344 (2014), disc. review denied, - -- N.C. ----, 771 S.E.2d 304 (2015).
B. Analysis
Defendant next contends that the trial court sentenced him under a statute enacted after his commission of the offenses, in contravention of article 1, section 10 of the U.S. Constitution and article i, section 16 of the North Carolina Constitution. See U.S. Const. art. I, § 10; N.C. Const. art. I, § 16. The State agrees with defendant. Although defendant failed to object to the trial court's sentencing determinations, we may review this issue pursuant to N.C. Gen.Stat. § 15A-1446(d)(18) (2013). See State v. Mumford, 364 N.C. 394, 402-03, 699 S.E.2d 911, 917 (2010).
In the indictments, the grand jury alleged that defendant committed the offenses between 1 April 2010 and 19 August 2010. During this time period, N.C. Gen.Stat. § 15A-1340.17(e1) provided:
Unless provided otherwise in a statute establishing a punishment for a specific crime, when the minimum sentence is 340 months or more, the corresponding maximum term of imprisonment shall be equal to the sum of the minimum term of imprisonment and twenty percent (20%) of the minimum term of imprisonment, rounded to the next highest month, plus nine additional months.
N.C. Gen.Stat. § 15A-1340.17(e1) (2009) (emphasis added). But "Session Laws 2011192, s.2(e) through (g), effective December 1, 2011, and applicable to offenses committed on or after that date, ... in subsection (e)(1), substituted '12 additional month[s]' for 'nine additional months' at the end." See N.C. Gen.Stat. § 15A-1340.17, Effect of Amendments (2011). Additionally, "Session Laws 2011-307, s.1, effective December 1, 2011, and applicable to offenses committed on or after that date, added subsection (f)." Id. Subsection (f) provides:
Unless provided otherwise in a statute establishing a punishment for a specific crime, for offenders sentenced for a Class B1 through E felony that is a reportable conviction subject to the registration requirement of Article 27A of Chapter 14 of the General Statutes, the maximum term of imprisonment shall be equal to the sum of the minimum term of imprisonment and twenty percent (20%) of the minimum term of imprisonment, rounded to the next highest month, plus 60 additional months.
N.C. Gen.Stat. § 15A-1340.17(f) (2011) (emphasis added).
*229 Here, the trial court found that defendant had a prior record level of VI. For the conviction of rape of a child, a B1 felony, the trial court sentenced defendant in the presumptive range to 483 to 640 months' imprisonment. See N.C. Gen.Stat. § 14-27.2A. For the conviction of sex offense with a child based on anal intercourse, a B1 felony, the trial court sentenced defendant in the presumptive range to 483 to 640 months' imprisonment and ordered that this sentence run consecutively to the sentence imposed for the conviction of rape of a child. See id. § 14-27.4A. The trial court consolidated the conviction of sex offense with a child based on cunnilingus, a B1 felony, and the conviction of taking indecent liberties with a child, a Class F felony. See id. §§ 14-27.4A, -202.1. For these convictions, the trial court sentenced defendant in the presumptive range to 483 to 640 months' imprisonment and ordered that this sentence run concurrently with the sentence imposed for the conviction of sex offense with a child based on anal intercourse. In total, the trial court sentenced defendant to 966 to 1,280 months' imprisonment.
Defendant does not contend that the trial court erred in sentencing him to a minimum term of imprisonment of 966 months; rather, *398 he argues that the trial court erred in sentencing him to a maximum term of imprisonment of 1,280 months. The applicable version of N.C. Gen.Stat. § 15A-1340.17 provides that the trial court add nine months, not sixty months, to the 120% figure. N.C. Gen.Stat. § 15A-1340.17(e1) (2009). We calculate that the maximum term of imprisonment for each sentence should have been 589 months, rather than 640 months. See id. The trial court thus should have imposed a total sentence of 966 to 1,178 months' imprisonment. See id. Accordingly, we hold that the trial court erred in its sentencing determinations and remand this case to the trial court for resentencing.
IV. Conclusion
We hold that the trial court committed no error during the guilt-innocence phase of the trial. But we reverse the trial court's sentencing orders and remand this case to the trial court for resentencing.
NO ERROR IN PART, REVERSED IN PART, AND REMANDED.
Judges DILLON and DAVIS concur.

We use the juvenile victim's initials to protect her identity.

Defendant concedes that he failed to object to this testimony.