MURPHY, Judge.
Tron Antoine Surratt ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty of taking indecent liberties with a child and statutory rape of a child. On appeal, Defendant argues (1) the State's expert witness impermissibly bolstered the credibility of the victim, Denise,[1] and (2) his trial counsel violated his right to effective assistance of counsel by failing to object to the testimony. We hold the testimony did not impermissibly bolster Denise's credibility and his right to effective assistance of counsel was not violated.
Background
Denise's mother had been in a relationship with Defendant for several years, and Defendant was the father of Denise's half-sister. Denise's mother was incarcerated in the fall of 2014 and was released on 12 December 2014. While her mother was incarcerated, Denise and her half-sister stayed with their grandmother and would visit Defendant once each week. During one of these visits, Defendant engaged in vaginal intercourse with Denise.
Later, after Denise's mother had been released, but while she was out of the home, Defendant also exposed himself to Denise and attempted to get her to touch his genitals. Denise was subsequently diagnosed as having contracted trichomoniasis, a sexually transmitted disease. When questioned, Denise stated she contracted the disease from Defendant. Denise's mother was also examined and determined to have trichomoniasis. She testified Defendant was the only person with whom she had sex.[2]
Dr. Charles Hayek administered a Child Medical Exam to Denise and interviewed her prior to conducting the physical examination. Dr. Hayek testified that Denise's trichomoniasis infection indicated that she had vaginal sexual contact.
The jury found Defendant guilty of one count of taking indecent liberties with a child and one count of statutory rape of a child. The trial court found Defendant had a prior record level of IV and sentenced him to consecutive terms of 20 to 33 and 330 to 456 months' imprisonment for his respective convictions. The trial court also ordered Defendant, upon his release from imprisonment, to register as a sex offender for his natural life and enroll in satellite-based monitoring for life. Defendant gave oral notice of appeal from the judgments entered.
Analysis
On appeal, Defendant presents two arguments: (1) the trial court committed plain error when it allowed Dr. Hayek to "bolster" Denise's credibility; and (2) his right to effective assistance of counsel was violated because trial counsel did not object to Dr. Hayek's testimony.
I. Expert Testimony
Defendant first argues the trial court committed plain error when it admitted testimony from Dr. Hayek regarding Denise's demeanor during his examination, because the testimony only served to bolster her credibility. We disagree.
Defendant specifically challenges the following portion of Dr. Hayek's testimony:
Q. How was her demeanor with you? What was she like when she talked to you?
A. She was quiet, but would answer my questions. She was forthcoming.
Q. What is your training and experience with respect to the different kind of demeanors you might expect to see in a child who has experienced and is-in talking about sexual abuse?
A. Right. I mean, you can imagine that it runs the gamut everything from, you know, they don't want to say anything to they'll tell you everything. A lot of times they are quiet and, I guess embarrassed would be the right word, but, you know, it is a difficult thing to talk about.
Q. Is it your training that children regularly and immediately report sexual abuse?
A. No.
Q. Tell me about that.
A. Most children who are abused actually it will be a span of time, even years, before they'll say anything. You know, it's not supposed to happen, it's not supposed to happen to me. The whole thing about privates and sex in our culture is difficult, and we don't talk about that very much. Sometimes there are threats from the abusers that affect whether children tell. So, it can be a little bit here and a little bit there that they tell spread out over a long period of time.
Q. Is there any difference in their comfort level, their ability to tell, who the perpetrator is-the person who abuses them, whether it's a family member or a stranger?
A. I don't know whether I can answer that one.
Q. Okay.
A. It would be my opinion.
Q. Do you have an opinion?
A. Yes, that, you know, if it's somebody, a caregiver or somebody that you're supposed to love and somebody who's supposed to take care of you, it's going to be a whole lot harder to say something about them for two reasons: One, they weren't supposed to do it to begin with; and, two, you know, I think the children realize that if you're telling on somebody that's in the family and everybody else belongs and was supposed to be doing a good job, that their story might be questioned.
Defendant contends this testimony is not based on any physical evidence gathered during the exam, and is merely Dr. Hayek's general impression of Denise, which is not expert opinion testimony and, thus, improperly bolstered Denise's credibility.
It is well established that "[e]xpert opinion testimony is not admissible to establish the credibility of the victim as a witness." State v. Dixon , 150 N.C. App. 46, 52, 563 S.E.2d 594, 598 (citing State v. Kim , 318 N.C. 614, 350 S.E.2d 347 (1986) ), aff'd per curiam , 356 N.C. 428, 571 S.E.2d 584 (2002). "However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith." State v. Stancil , 355 N.C. 266, 267, 559 S.E.2d 788, 789 (2002) ; see also State v. Dew , 225 N.C. App. 750, 761-63, 738 S.E.2d 215, 223 (holding the trial court did not err in allowing into evidence testimony from an expert witness that described the actions and reactions of sexual abuse victims in general), disc. review denied , 366 N.C. 595, 743 S.E.2d 187 (2013). Moreover, "the mere fact that an expert's testimony makes the testimony of another witness more believable, thus 'enhancing' their credibility, is not sufficient to warrant its exclusion." State v. Oliver , 85 N.C. App. 1, 10, 354 S.E.2d 527, 533, disc. review denied , 320 N.C. 174, 358 S.E.2d 64 (1987).
Defendant concedes that because his trial counsel did not object to Dr. Hayek's testimony, we may only review his argument for plain error. See State v. Lawrence , 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) (holding "the North Carolina plain error standard of review applies only when the alleged error is unpreserved" and "is normally limited to instructional and evidentiary error").
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings[.]
Id. at 518, 723 S.E.2d at 334 (2012) (internal citations, quotation marks, and alternations omitted).
Here, although Dr. Hayek's testimony may have made Denise's testimony more believable, he did not comment on her credibility or veracity. We hold Dr. Hayek's challenged testimony was admissible as evidence of profiles of sexually abused children and whether Denise had symptoms or characteristics consistent with having been sexually abused. See Stancil , 355 N.C. at 267, 559 S.E.2d at 789. Moreover, Defendant characterizes Dr. Hayek's testimony as "generalizations." Accordingly, the trial court's admission of this testimony was not error.
II. Ineffective Assistance of Counsel
Defendant next argues the failure of his trial counsel to object to the above challenged testimony from Dr. Hayek constituted ineffective assistance of counsel. We disagree.
To establish ineffective assistance of counsel in violation of Defendant's constitutional rights, Defendant bears the burden of meeting a two-part test:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
State v. Braswell , 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (quoting Strickland v. Washington , 466 U.S. 668, 687, 80 L.Ed. 2d 674, 693 (1984) ).
As we have already held it was not error for the trial court to have admitted Dr. Hayek's testimony that Defendant challenges on appeal, Defendant's trial counsel's failure to object to the testimony cannot constitute deficient performance. See State v. Mewborn , 200 N.C. App. 731, 739, 684 S.E.2d 535, 540 (2009) ("The failure to object to admissible evidence is not error. Thus, Defendant cannot satisfy the first element of the Strickland test."). Accordingly, we conclude Defendant's right to effective assistance of counsel was not violated.
Conclusion
For the reasons stated above, we find no error.
NO ERROR.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.

We use the pseudonym "Denise" throughout this opinion to protect the victim's privacy and for ease of reading.

Defendant's expert witness, Dr. Ted Cash, testified Defendant's exam was "negative for the germ Trichomonas."