An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-835

Filed 19 November 2025

Buncombe County, Nos. 21CR086086-100, 21CR086087-100, 21CR086088-100, 21CR086089-100, 21CR086090-100, 21CR086091-100, 21CR086093-100, 21CR086095-100

STATE OF NORTH CAROLINA

v.

CHRISTOPHER VANCE SHERIDAN

Appeal by defendant from judgment entered 20 September 2023 by Judge Jacqueline D. Grant in Buncombe County Superior Court. Heard in the Court of Appeals 27 August 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Tracy Nayer, for the State.*
>
> *Mark Montgomery for defendant-appellant.*

ZACHARY, Judge.

Defendant Christopher Vance Sheridan appeals from the trial court's judgment entered upon a jury's verdicts finding him guilty of one count of incest with a child, one count of obstruction of justice, three counts of statutory sex offense with a child by an adult, and four counts of statutory rape of a child by an adult. On appeal,

Defendant argues that the trial court committed plain error by admitting certain testimony that constituted impermissible vouching or, in the alternative, that he received the ineffective assistance of counsel. After careful review, we conclude that Defendant received a fair trial, free from plain error, and that Defendant did not receive the ineffective assistance of counsel.

## I.    Background

On 11 July 2022, a Buncombe County grand jury indicted Defendant for numerous sexual-abuse charges against his daughter, "Annie,"[1] and one charge of obstruction of justice. His case came on for jury trial on 11 September 2023 in Buncombe County Superior Court.

At trial, the State presented the testimony of several witnesses. Among these were two Buncombe County Sheriff's Office detectives who testified as to the investigation of the sexual-abuse charges against Defendant. The State also called as a witness a doctor who was admitted "as an expert in child abuse practice." She testified regarding her observation of Annie's diagnostic interview and the physical examination of Annie that she conducted, as well as her treatment recommendations.

On 20 September 2023, the jury returned its verdicts finding Defendant guilty of one count of incest with a child, one count of obstruction of justice, three counts of statutory sex offense with a child by an adult, and four counts of statutory rape of a

---

[1] To protect the identity of the minor child, we employ the pseudonym to which the parties stipulated. *See* N.C.R. App. P. 42(b).

child by an adult. That same day, the trial court consolidated Defendant's convictions for incest with a child, statutory sex offense with a child by an adult, and statutory rape of a child by an adult and sentenced him to a term of 300 to 420 months' imprisonment in the custody of the North Carolina Department of Adult Correction.[2] The trial court also ordered that Defendant register as a sex offender and submit to satellite-based monitoring for ten years.

Defendant entered oral notice of appeal.

## II.    Discussion

Defendant argues on appeal that the trial court committed plain error by admitting certain testimony that constituted impermissible vouching[3] or, in the alternative, that he received the ineffective assistance of counsel.

### A. Vouching

Defendant first claims that the trial court committed plain error "in allowing State's witnesses to vouch for Annie's accusation." We disagree.

---

[2] We note that the transcript reflects that the trial court also entered a judgment sentencing Defendant to a term of 9 to 20 months' imprisonment for his conviction for obstruction of justice. The appellate record contains no such judgment, however, and Defendant raises no challenge to his conviction for obstruction of justice.

[3] In his brief's heading on this issue, Defendant states that "the trial court *erred* or committed plain error" and in the standard of review section he asserts that "counsel did not object to *some of* the testimony challenged herein." (Emphases added). However, Defendant also provides a plain-error standard of review and argues that the admission of the testimony "was plain error." Our review of the record confirms that Defendant did not object to the testimony he now challenges on appeal. Accordingly, to the extent that Defendant attempts to raise an argument that the trial court erred—rather than committed plain error—such argument is deemed abandoned. *See* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

### 1. Standard of Review

In criminal cases, certain evidentiary and instructional issues that were not properly preserved by objection at trial and that are not otherwise "deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4).

Defendant concedes that "counsel did not object" to the testimony challenged on appeal. However, he now "specifically and distinctly contend[s]" that the admission of certain testimony amounted to plain error and seeks plain-error review. *Id.*

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial . . . ." *State v. Caballero*, 383 N.C. 464, 473, 880 S.E.2d 661, 668 (2022) (citation omitted). Additionally, the defendant is "required to show prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* at 473–74, 880 S.E.2d at 668 (cleaned up). "Finally, the defendant must show that the error is an exceptional case that warrants plain error review, typically by showing that the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024) (cleaned up).

### 2. Analysis

Defendant asserts that the trial court committed plain error by admitting the unchallenged testimony of two detectives and a doctor at trial, all of whom Defendant contends improperly vouched[4] for Annie.

"Our Courts have consistently held it is improper for one witness to vouch for the veracity of another." *State v. Aguilar*, 292 N.C. App. 596, 601, 898 S.E.2d 914, 918 (2024) (cleaned up). "[I]t is fundamental to a fair trial that a witness's credibility be determined by a jury, that expert opinion on the credibility of a witness is inadmissible, and that the admission of such testimony is prejudicial when the State's case depends largely on the testimony of the prosecuting witness." *State v. Crabtree*, 249 N.C. App. 395, 403, 790 S.E.2d 709, 715 (2016) (citation omitted), *aff'd*, 370 N.C. 156, 804 S.E.2d 183 (2017).

a. Repeated Use of the Words "Disclose" and "Disclosure"

Defendant argues that "the use of the loaded term 'disclose' . . . has an unfair tendency to vouch for the complainant." He reasons that "[w]hen a witness testifies that the complainant 'disclosed' something, jurors will naturally infer that the witness believed what the complainant said, and conclude that, if the expert believed the complainant, they should too."

---

[4] In Defendant's reply brief, he maintains that "the issue is whether the testimony of the three witnesses, considered collectively, amounted to improper expert vouching." To the extent that Defendant is attempting to advance a cumulative-error argument, we note that cumulative error is not available on plain-error review. *See State v. Worley*, 268 N.C. App. 300, 304, 836 S.E.2d 278, 282 (2019) (providing that "the plain error rule may not be applied on a cumulative basis, but rather a defendant must show that each individual error rises to the level of plain error" (citation omitted)), *disc. review denied*, 375 N.C. 287, 846 S.E.2d 285 (2020).

As our Supreme Court has explained, "disclose" is merely "a term used by the witness to describe the communications that the alleged victim of an act of child sexual abuse made concerning the defendant's allegedly unlawful conduct"—it "d[oes] not have the connotation that the account that the child provided on the occasion in question was an inherently truthful one." *Caballero*, 383 N.C. at 478, 880 S.E.2d at 671. Thus, "[a]n expert witness's use of the word 'disclose,' standing alone, does not constitute impermissible vouching as to the credibility of a victim of child sex abuse, regardless of how frequently used, and indicates nothing more than that a particular statement was made." *State v. Betts*, 377 N.C. 519, 525, 858 S.E.2d 601, 605–06 (2021).

In the instant case, two Buncombe County Sheriff's Office detectives testified regarding the investigation of the sexual-abuse charges against Defendant. Both of these detectives repeatedly used the words "disclose" and "disclosure" to describe Annie's and other children's reports of sexual abuse.

Defendant asserts that the detectives' "use of the term 'disclosure' did not stand alone," as in *Betts*; rather, the two detectives repeatedly used the words "disclose" and "disclosure," which indicated to the jury that "not only that a statement was made, but that, in the view of these witnesses, it was true." Therefore, Defendant contends that *Betts* "does not control" in the present case. However, our Supreme Court in *Betts* clearly concluded that use of the word "disclose" is permitted "*regardless of how frequently used.*" *Id.* (emphasis added); *see also Worley*, 268 N.C.

App. at 307, 836 S.E.2d at 284 ("[R]epeated use of the word 'disclose' or its variants does not constitute impermissible vouching for a declarant's credibility.").

Accordingly, we conclude that the detectives' repeated use of the words "disclose" and "disclosure" in their testimony did not constitute impermissible vouching. The trial court's admission of this testimony was neither error nor plain error.

b. Diagnosis of Sexual Abuse

Defendant also asserts that the State's "[e]xpert witness, Dr. Mon[a]han-Estes, found another way to vouch for Annie" through her unchallenged testimony that she recommended that Annie have an assessment for trauma-based cognitive behavior therapy. Dr. Monahan-Estes described this as a type of therapy for children who have received "a diagnosis of sexual abuse."

"In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has *in fact* occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility." *State v. Stancil*, 355 N.C. 266, 266–67, 559 S.E.2d 788, 789 (2002).

Defendant selects this portion of testimony, particularly the phrase "a diagnosis of sexual abuse," as another example of impermissible vouching and requests plain-error review. Assuming, *arguendo*, that this testimony was admitted in error, Defendant cannot show plain error.

There was ample other evidence of Defendant's guilt presented at trial. The State introduced several witnesses, including Annie, who testified extensively about Defendant's sexual abuse of her; two detectives who testified regarding Annie's diagnostic interviews and the investigation of Defendant's sexual-abuse charges; two of Annie's friends, one of whom Defendant had also sexually abused and another with whom he had acted inappropriately; a school social worker who had been involved when Annie's mother obtained a restraining order against Defendant; a school resource officer who had interacted with Defendant; Annie's mother, who testified regarding Annie's disclosure of Defendant's sexual abuse, the investigation of Defendant, and Defendant's emotional and physical abuse; the interviewer who conducted Annie's diagnostic interviews as well as the diagnostic interview of Annie's friend who contended that she was also sexually abused by Defendant; and a physician's assistant who had conducted an examination of Annie. In addition, the State introduced videotapes of Annie's diagnostic interviews, which were admitted into evidence and published to the jury. All considered, the State provided substantial evidence of Defendant's guilt beyond Dr. Monahan-Estes's testimony.

Thus, Defendant has not shown that the alleged error "had a probable impact on the jury's finding that [he] was guilty." *Caballero*, 383 N.C. at 474, 880 S.E.2d at 668 (citation omitted). "[I]f a defendant cannot show the alleged error prejudiced him, he cannot meet the plain error standard." *State v. Jones*, 280 N.C. App. 241, 257, 866 S.E.2d 509, 521 (2021), *disc. review denied*, 380 N.C. 686, 868 S.E.2d 861 (2022).

Therefore, we conclude that Defendant's impermissible vouching arguments lack merit.

### B. Ineffective Assistance of Counsel

In the alternative, Defendant argues that he "was denied the effective assistance of counsel" because "there could not have been a reasonable trial strategy for counsel not to have objected to the vouching."

#### 1. Standard of Review

"Whether a defendant was denied the effective assistance of counsel is a question of law that is reviewed de novo." *State v. Clark*, 380 N.C. 204, 215, 868 S.E.2d 56, 64 (2022).

#### 2. Analysis

For an ineffective assistance of counsel claim to succeed, "a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance *prejudiced his defense*." *Crabtree*, 249 N.C. App. at 406, 790 S.E.2d at 717 (citation omitted). "Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation and emphasis omitted).

"[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's

performance was actually deficient." *State v. Perdomo*, 276 N.C. App. 136, 144–45, 854 S.E.2d 596, 602 (2021) (citation omitted), *disc. review denied*, 380 N.C. 678, 868 S.E.2d 859 (2022).

Defendant contends that he "was denied the effective assistance of counsel by counsel's failure to adequately object" to the testimony he characterizes as "vouching." However, as analyzed above, the detectives' testimony did not constitute impermissible vouching. With regard to Dr. Monahan-Estes's testimony, Defendant cannot show that the alleged error prejudiced him. The State presented ample evidence of Defendant's guilt aside from Dr. Monahan-Estes's challenged statement. Accordingly, we conclude that "there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different," and we "need not determine whether counsel's performance was actually deficient." *Id.* (citation omitted). Thus, Defendant's ineffective assistance of counsel claim is overruled.

## III. Conclusion

For the foregoing reasons, Defendant received a fair trial, free from plain error, and did not receive the ineffective assistance of counsel.

NO ERROR.

Judges WOOD and STADING concur.

Report per Rule 30(e).